**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

------------

**No. 02-1765**

------------

GEORGE F. LEEPER,

Plaintiff - Appellant,

versus

DUKE ENERGY CORPORATION,

Defendant - Appellee.

------------

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CA-98-17-3-V)

------------

Submitted: December 30, 2002          Decided: January 13, 2003

------------

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

------------

Affirmed by unpublished per curiam opinion.

------------

Geraldine Sumter, FERGUSON, STEIN, CHAMBERS, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, North Carolina, for Appellant. Jill Stricklin Cox, John James Doyle, Jr., CONSTANGY, BROOKS & SMITH, L.L.C., Winston-Salem, North Carolina, for Appellee.

------------

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George F. Leeper appeals the district court's order accepting the recommendation of the magistrate judge to grant summary judgment in the employer's favor on Leeper's claim that he was subjected to a racially hostile work environment. We have reviewed the parties' briefs and the joint appendix and find no reversible error. We agree with the district court that Leeper failed to forecast evidence sufficient to impute liability to the employer. See Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183-84 (4th Cir. 2001) (discussing prima facie case); Mikels v. City of Durham, 183 F.3d 323, 331-32 (4th Cir. 1999) (providing that "employers are liable only for their own negligence in failing, after actual or constructive knowledge, to take prompt and adequate action to stop [harassment by fellow employees]."). Accordingly, we affirm on the reasoning of the district court. See Leeper v. Duke Energy Corp., No. CA-98-17-3-V (W.D.N.C. filed June 18, 2002; entered June 24, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED